UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br><br>Debtors.<br>_____<br><br>ASHKAN RAJAEE,<br><br>Appellant,<br><br>v.<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, et al.,<br><br>Appellees. | Case No.: 26-cv-2968-RSH-GC<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER DISMISSING APPEAL**<br><br>[ECF Nos. 5, 8, 18] |

Appellant Ashkan Rajaee ("Appellant" or "Rajaee") appeals from a March 30, 2026 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") granting the Chapter 7 Trustee's second interim fee application. ECF No. 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

1

As set forth below, the Court dismisses the appeal for lack of jurisdiction.

## I.    BACKGROUND

The Court incorporates the description of the Bankruptcy Case contained in the Court's October 31, 2025 order denying one of Rajaee's previous bankruptcy appeals, Case No. 25-cv-667, ECF No. 23.

The instant appeal is one of Rajaee's numerous appeals pending in the U.S. District Court for the Southern District of California, each arising from an order entered in the Bankruptcy Case, including:

(1)    No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2)    No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3)    No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4)    No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5)    No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; dismissed on May 21, 2026)

(6)    No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7)    No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8)    No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9)    No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10)    No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; pending)

(11)    The instant appeal, No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026)

(12)    No. 26-cv-2969-RSH-JLB (notice of appeal filed Apr. 13, 2026; pending)

(13)    No. 26-cv-3058-RSH-GC (notice of appeal filed May 6, 2026; pending)

(14)    No. 26-cv-3060-RSH-GC (notice of appeal filed May 6, 2026; pending)

(15)    No. 26-cv-3065-RSH-GC (notice of appeal filed May 6, 2026; pending)

(16)    No. 26-cv-3162-RSH-AHG (notice of appeal filed May 6, 2026; pending)

(17)    No. 26-cv-3165-RSH-AHG (notice of appeal filed May 6, 2026; pending)

(18)    No. 26-cv-3166-RSH-GC (notice of appeal filed May 6, 2026; pending)

(19)    No. 26-cv-3170-RSH-DDL (notice of appeal filed May 6, 2026; pending)[1]

To date, none of these appeals have been successful.

The instant appeal is taken from the Bankruptcy Court's March 30, 2026 order granting the Trustee's second interim application for compensation and reimbursement of expenses, over Rajaee's opposition. *See* Bankruptcy Case, Dkt. No. 886 at 2.

On May 20, 2026, the Trustee moved to dismiss the appeal. ECF No. 5. The motion is fully briefed. *See* ECF Nos. 13, 14.

## II.    DISCUSSION

A party may appeal as of right from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." *See* 28 U.S.C. § 158(a). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from

---

[1]    Additionally, Rajaee has filed several civil lawsuits against one or more of the appellees in this case, including the following actions assigned to the undersigned: (1) *Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC (complaint filed Jan. 2, 2024; dismissed on Apr. 12, 2024); (2) *Rajaee v. Davis et al.*, No. 24-cv-549-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); (3) *Rajaee v. Davis et al.*, No. 24-cv-550-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); and (4) *Rajaee et al. v. Davis et al.*, No. 26-cv-80-RSH-GC (complaint filed Jan. 6, 2026; pending).

26-cv-2968-RSH-GC

bankruptcy 'cases,' Congress made 'orders in bankruptcy cases ... immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). This is because "[a] bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Ritzen*, 589 U.S. at 38 (quoting *Bullard*, 575 U.S. at 501).

In assessing whether an order is "final" for purposes of appealability, the Ninth Circuit applies "a pragmatic approach." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016). "A bankruptcy court order is considered final 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir. 2008)); *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable if it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationships among the parties.") (cleaned up).

If a bankruptcy court's order is interlocutory rather than final, district courts have limited discretionary appellate jurisdiction. *See* 28 U.S.C. § 158(a)(2), (3); Fed. R. Bankr. P. 8004. "[T]he Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm, LLC*, No. 12-9795, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *accord Vistam, Inc. v. Flahaut*, No. 2:24-cv-4460-SSS, 2024 WL 5480346, at *2 (C.D. Cal. Dec. 5, 2024). "While district courts have discretionary

authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored." *In re Thinkfilm, LLC*, 2013 WL 654010, at *1.

Here, Rajaee's appeal does not challenge a final order of the Bankruptcy Court. "Because interim awards are interlocutory and often require future adjustments, they are 'always subject to the court's reexamination and adjustment during the course of the case.'" *In re Strand*, 375 F.3d 854, 858 (9th Cir. 2004) (quoting *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989)). "Interim fee awards are not final determinations intended to put a matter to rest." *In re Evangeline Ref. Co.*, 890 F.2d at 1322. None of the grounds that would justify an interlocutory appeal are present here.

Rajaee's objections to the interim fee award have virtually nothing to do with the fee award itself. Instead, he seeks to use litigation over the fee award as a way to collaterally attack a judgment entered years ago in San Diego Superior Court. *See* ECF No. 13 at 5-9. The Bankruptcy Court correctly overruled Rajaee's objections as unrelated and tangential to the fee application. *See* Bankruptcy Case, Dkt. No. 886 at 2.

Accordingly, this Court dismisses Rajaee's appeal for lack of jurisdiction. The Court also denies Rajaee's motion challenging the validity of the Trustee's election for district court review, in which motion Rajaee yet again seeks to relitigate his San Diego Superior Court loss. ECF No. 8 at 14-15. The Trustee is clearly a proper party to Rajaee's appeal and as such was entitled to elect district court review of the appeal. *See* 28 U.S.C. § 158(c)(1)(B). The Court also denies as moot Rajaee's motion for permission to e-file. ECF No. 18.

//

//

//

//

//

//

26-cv-2968-RSH-GC

## III.   CONCLUSION

For the foregoing reasons, the Trustee's motion to dismiss [ECF No. 5] is **GRANTED**, and the appeal is **DISMISSED** for lack of jurisdiction. Rajaee's motions [ECF No. 8, 18] are **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 8, 2026

Hon. Robert S. Huie
United States District Judge

6

26-cv-2968-RSH-GC